United States District Court
Southern District of Texas
**ENTERED**
September 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERIC HEATH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-3025** |
| | § | |
| **HARRIS COUNTY SHERIFF'S OFFICE, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM, RECOMMENDATION, AND ORDER**

Pending before the Court[1] is Defendant Harris County Sheriff's Office's ("HCSO") Motion to Dismiss (ECF No. 43), Defendant Lionel Holliday's ("Lieutenant Holliday") Motion to Dismiss (ECF No. 54), and Harris County District Attorney's Office's ("HCDAO") Motion to Dismiss (ECF No. 55). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** HCSO's Motion to Dismiss (ECF No. 43) be **DENIED AS MOOT**, Lieutenant Holliday's Motion to Dismiss (ECF No. 54) be **GRANTED**, and HCDAO's Motion to Dismiss (ECF No. 55) be **GRANTED**. The Court further **RECOMMENDS** Lieutenant Holliday's and HCDAO's previously filed motions to dismiss (ECF Nos. 44–45) be **DENIED AS MOOT**. The Court also

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 61).

**DENIES AS MOOT** Plaintiff's pending motions (ECF Nos. 50–53) and Defendants' Motion to Extend Dates (ECF No. 62).

## I. Background

This is a civil rights case arising from traffic stops involving *pro se* Plaintiff Eric Heath ("Plaintiff") in Harris County, Texas. (*See* ECF No. 1-6). On May 15, 2025, Plaintiff filed his Original Petition in the 11th District Court of Harris County. (*Id.*). Plaintiff alleges that deputies with HCSO pulled him over because of his license plate holder and subsequently harassed, assaulted, and wrongfully arrested him in violation of his First and Fourth Amendment rights. (*Id.* at 2–6). On June 30, 2025, HCSO removed the case to this Court based on federal question jurisdiction. (ECF No. 1).

On March 9, 2026, the District Judge dismissed Plaintiff's claims against HCSO. (ECF No. 38). The District Judge also noted that there was no evidence that Plaintiff properly served the remaining Defendants in the case. (*Id.* at 2). The District Judge ordered Plaintiff to serve the remaining Defendants within seven days and warned that failure to do so would result in dismissal of the case. (*Id.* at 3).

On March 16, 2026, Plaintiff served HCSO, HCDAO, and Lieutenant Holliday. (ECF Nos. 39–41). Since that time, Plaintiff has also filed a Fourth and Fifth Amended Complaint without leave of court. (ECF Nos. 42, 49).

## II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a

complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").

**III. Discussion**

As an initial matter, the Court recommends that Plaintiff's Fourth and Fifth Amended Complaints (ECF Nos. 42, 49) be struck because Plaintiff failed to obtain consent or leave of court. Under Rule 15, when an amendment before trial is not an amendment as a matter of course, a party may only amend "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). To file an amended complaint, a party must file a motion for leave with the Court if it does not have the opposing party's consent. *See U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). "[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint *having no legal effect*." *Id.* (emphasis added).

Here, Plaintiff did not file a motion for leave to amend, and the record does not reflect that Defendants consented to Plaintiff filing a fourth and fifth amended complaint. Further, the amended pleadings deadline was November 5, 2025. (*See* ECF No. 27). Plaintiff's Fourth and Fifth Amended Complaints were both filed after this deadline. As such, Plaintiff's Fourth and Fifth Amended Complaints (ECF Nos. 42, 49) should be struck. *See Jeanty v.*

*Nebraska Furniture Mart*, No. 4:19-cv-366, 2019 WL 12375489, at *1 (E.D. Tex. July 19, 2019) ("Because Plaintiff obtained neither Defendants' consent nor the Court's leave, his Amended Complaint should be stricken."). However, even considering Plaintiff's amended allegations, Plaintiff's claims still fail.

a. <u>HCSO's Motion to Dismiss (ECF No. 43)</u>

On April 6, 2026, HCSO moved to dismiss Plaintiff's complaint. (ECF No. 43). However, the District Judge previously dismissed all of Plaintiff's claims against HCSO on March 9, 2026. (ECF No. 38). As such, the Court recommends HCSO's Motion to Dismiss (ECF No. 43) be denied as moot.

b. <u>HCDAO's Motion to Dismiss (ECF No. 55)</u>

HCDAO seeks dismissal of Plaintiff's claims, arguing HCDAO is a *non sui juris* entity that lacks the legal capacity to be sued. (ECF No. 55 at 6). The Court agrees. The HCDAO is merely a subdivision of Harris County, and it cannot be sued as an independent entity unless Harris County specifically granted HCDAO the capacity to sue and be sued. *See Lancaster v. Harris Cnty.*, 821 F. App'x 267, 271 (5th Cir. 2020) (dismissing Harris County entities (including the DA's Office, the District Clerk's Office, and precincts of the Constable's Office) because they are *non sui juris*, without the capacity to be sued separately from Harris County). As such, Plaintiff's claims must be dismissed as a matter of law. *See Gragert v. Harris Cnty.*, No. 4:09-cv-2063,

2010 WL 11538411, at *4 (S.D. Tex. Aug. 11, 2010) ("Thus, the Court determines that the Harris County Sheriff's Office is not a legal entity under Rule 17(b) and therefore, lacks the legal existence and capacity to be sued for the violations alleged. As such, the plaintiff's claims against it must be dismissed as a matter of law.").

The Court recommends HCDAO's Motion to Dismiss (ECF No. 55) be granted and Plaintiff's claims against HCDAO be dismissed.

c. <u>Lieutenant Holliday's Motion to Dismiss (ECF No. 54)</u>

Lieutenant Holliday seeks dismissal of Plaintiff's claims, arguing that Plaintiff's claims are conclusory and frivolous and that Lieutenant Holliday is entitled to qualified immunity. (ECF No. 54 at 3).

Within the factual allegations of Plaintiff's Fifth Amended Complaint,[2] Plaintiff mentions Lieutenant Holliday three times:

1. ". . . I went back to the Internal Affairs to file another complaint back in 2-27-25[.] Lt. Holliday and the Internal Affairs Department still stood by there [sic] crooked deputies after knowingly knew [sic] they violated policy by lying in the Incident Report, the Harrassment, [sic] and Retaliation." (ECF No. 49 at 12).

2. "Even after all that [sic] Lt. Holliday still said no violation of policy was violated." (*Id.* at 13).

3. "And this is why none of these Deputies on the street or cops on the street never get held accountable, [sic] because they know there [sic] peers like

[2] Plaintiff was not granted leave to file his Fifth Amended Complaint. However, for judicial efficiency, the Court has reviewed its allegations.

> . . . Lt. L. [sic] Holliday will back them up for there [sic] wrong doing cover [sic] up there [sic] wrong doing (turn a blind eye)." (*Id.* at 14).

Plaintiff goes on to name Lieutenant Holliday in his causes of action, stating that Plaintiff is "seeking Damages for violation of (18 U.S.C. 1622) knowingly he [sic] knew S. Torres committed perjury and etc [sic] but yet still he signed off and said no violation was never [sic] committed. Also [sic] violation of Policies at Official/Individual Capacity."[3] (*Id.* at 18).

The Court agrees with Lieutenant Holliday that Plaintiff's claims are frivolous. "A claim is frivolous when 'the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.'" *Dowling v. United States Attorney's Off.*, No. 24-cv-447, 2024 WL 3574110, at *1 (W.D. Tex. July 2, 2024), *report and recommendation adopted*, No. 24-cv-447, 2024 WL 3572962 (W.D. Tex. July 28, 2024) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)). Because conclusory allegations with no factual basis cannot survive a motion to dismiss, the Court recommends Lieutenant Holliday's Motion to Dismiss (ECF No. 54) be granted and Plaintiff's claim against Lieutenant Holliday be dismissed. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel,

---

[3] 18 U.S.C. § 1622 criminalizes subornation of perjury.

conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotations omitted).

d. Leave to Amend

The Court has made every reasonable effort to understand and liberally construe Plaintiff's pleadings. However, Plaintiff has made five attempts to plead viable claims against the defendants and no viable claims have been raised. As such, the Court is of the opinion that Plaintiff has pleaded his best case, and that further leave to amend would be futile. *See Jordan v. Harris Cnty. Ct.*, No. 22-cv-1402, 2024 WL 4819439, at *2 (S.D. Tex. Nov. 12, 2024) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** HCSO's Motion to Dismiss (ECF No. 43) be **DENIED AS MOOT**, Lieutenant Holliday's Motion to Dismiss (ECF No. 54) be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**,[4] and HCDAO's Motion to Dismiss (ECF No. 55) be **GRANTED** and Plaintiff's claims **DISMISSED WITHOUT PREJUDICE**.[5] The Court further **RECOMMENDS** Lieutenant Holliday's and HCDAO's

[4] *See Jordan*, 2024 WL 4819439, at *6 (dismissing frivolous claims with prejudice).

[5] *See Bosman v. Harris Cnty. Domestic Rels. Off.*, No. 25-cv-0649, 2025 WL 1047094, at *3 (S.D. Tex. Apr. 7, 2025) (dismissing claims against a *non-sui juris* entity without prejudice).

previously filed motions to dismiss (ECF Nos. 44–45) be **DENIED AS MOOT**. Lastly, the Court **RECOMMENDS** Plaintiff's claims against any remaining defendant be **DISMISSED WITHOUT PREJUDICE** for failure to timely serve the defendants in accordance with the District Judge's March 9, 2026 Order (ECF No. 38).[6] If these recommendations are adopted, this case should be **TERMINATED**.

The Court also **DENIES AS MOOT** Plaintiff's pending motions (ECF Nos. 50–53) and Defendants' Motion to Extend Dates (ECF No. 62).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on September 8, 2026.

Richard W. Bennett
United States Magistrate Judge

[6] *See Jumper v. Yendo Inc.*, No. 3:25-cv-2011, 2025 WL 3543385, at *2 (N.D. Tex. Nov. 14, 2025), *report and recommendation adopted*, No. 3:25-cv-2011, 2025 WL 3542153 (N.D. Tex. Dec. 10, 2025) (recommending a case be dismissed without prejudice for failure to timely serve the defendant with summons and a copy of the complaint as required by Rule 4(m) and also pursuant to Rule 41(b) for failure to timely prosecute the case).